IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-HC-2097-FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HOBART J. BARRETT, JR., | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on the government's motion *in limine* (D.E. 90) to exclude the testimony of two proposed witnesses for respondent, Teresa Hendon and Michael Riddick, both purportedly employees at the Federal Correctional Institution–Butner, where respondent is housed. (*See* Final Jt. Pre-trial Order (D.E. 89) 10). The proposed subject of these witnesses' testimony is respondent's[1] work habits and adjustment to incarceration. (*Id.*). The government contends that this proposed testimony should be excluded because it is not relevant.[2]

But the conduct of a respondent in a case under 18 U.S.C. § 4248 while incarcerated clearly can be relevant to whether he is a sexually dangerous person within the meaning of 18 U.S.C. § 4247(a)(5) & (6). Indeed, the government, which lists respondent among its proposed witnesses, describes one area of his proposed testimony as "institutional conduct and history." (Final Jt. Pre-trial Order 9). Further, in at least one of the psychological evaluations the government has listed as an exhibit, the psychologist who authored the evaluation, herself listed as a witness for the government, discusses respondent's conduct while incarcerated. (Rept. of M. Lela Demby, Ph.D.

---

[1] The description of their testimony refers to "petitioner's" work habits, but since the petitioner is the government, the court understands respondent to be referring to himself.

[2] The court is ruling on the motion in the absence of any response by respondent given the clear inadequacy of the motion and the lack of any prejudice to respondent from the court's ruling on it.

(D.E. 52-2) 14-15; Final Jt. Pre-trial Order 4, Govt. Ex. 4). That same report recites respondent's estimation as of 1993 that he had been in prison for 22 of 28 years of his life. (Demby Rept. 4). To the extent that estimate is close to being accurate, exclusion of evidence regarding his conduct while incarcerated would leave his behavior for a substantial proportion of his life unelucidated.

For these reasons, the court does not agree with the government that the testimony of Teresa Hendon and Michael Riddick will necessarily be irrelevant. The government's motion (D.E. 90) is therefore DENIED WITHOUT PREJUDICE. This disposition, including the underlying analysis, is necessarily based on the record as it currently stands, and, therefore, is subject to further development of the record in proceedings before and during the commitment hearing, and the authority of the presiding District Judge over such proceedings.

SO ORDERED, this 29th day of November 2011.

_____
James E. Gates
United States Magistrate Judge